# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GINO COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 17 cv 8739 |
| | ) |
| CITY OF CHICAGO, CHICAGO POLICE | ) |
| OFFICER DENNIS O'BRIEN, Star #53254, | ) |
| BRYANT MCDERMOTT, Star #12659, and | ) |
| ROBERT BROWN JR, Star #4192, RUSSELL | ) |
| HARRIS, and KATES DETECTIVE & | ) |
| SECURITY SERVICES AGENCY AND | ) |
| SPECIAL EVENTS SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

NOW COMES the Plaintiff, GINO COLLINS, by and through counsel, SAMUELS & ASSOCIATES, LTD., and complaining of the defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICERS DENNIS O'BRIEN, Star #53254, BRYANT MCDERMOTT, Star #12659, and ROBERT BROWN JR, Star #4192, RUSSELL HARRIS, and KATES' DETECTIVE & SECURITY SERVICES AGENCY AND SPECIAL EVENTS SERVICES, INC., states as follows:

### INTRODUCTION

This is a civil action seeking damages against the defendants for committing acts under color of law, and depriving Plaintiff of his rights secured by the Constitution and laws of the United States.

## JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## PARTIES

3. PLAINTIFF GINO COLLINS is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

4. DEFENDANT OFFICERS DENNIS O'BRIEN, Star #53254, BRYANT MCDERMOTT, Star #12659, and ROBERT BROWN JR, Star #4192 ("Defendant Officers") were, at the time of this occurrence, duly licensed Chicago Police Officers. They were willful participants in joint activity with Defendant Guard. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. DEFENDANT CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officer.

6. DEFENDANT RUSSELL HARRIS ("Defendant Guard") was, at all times relevant, an authorized agent and security guard for Defendant Kates' Detective & Security Services Agency And Special Events Services, Inc. He was a willful participant in joint activity with Defendant Officers. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is sued in his individual capacity.

7. DEFENDANT KATES' DETECTIVE & SECURITY SERVICES AGENCY AND SPECIAL EVENTS SERVICES, INC. is a duly licensed corporation incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Guard.

## FACTS

8. On or around December 7, 2015, Plaintiff Gino Collins went to 8722 South Burley Avenue, Chicago, Illinois to pick up his girlfriend at or around 9:25pm.

9. At all times relevant, and as reflected on his arrest report, Mr. Collins did not live or reside at 8722 South Burley Avenue, Chicago, Illinois.

10. The building where Mr. Collins' girlfriend lived kept its doors locked. Accordingly, visitors had to be let in by someone who lived at the residence.

11. As was customary for Mr. Collins, he knocked on her window to let her know that he had arrived and waited for her to buzz him into the building.

12. Unbeknownst to Mr. Collins, someone complained about his knocking. When Defendant Guard received the complaint, he requested Defendant Officers to accompany him to investigate the complaint.

13. Defendant Officers agreed and left together with Defendant Guard.

14. In so doing, Defendant Guard and Defendant Officers were willful participants in joint activity.

15. While Plaintiff waited, Defendant Officers and Defendant Guard approached in two cars, jumping the curb to drive onto the grass.

16. The door then buzzed, so Mr. Collins entered the building.

17. Mr. Collins had taken approximately two steps into the building when he was stopped by Defendant Officers and Defendant Guard.

18. Without a reasonable and articulable suspicion, or any other lawful basis, Defendant Guard and Defendant Officers stopped and frisked Mr. Collins.

19. Although the Defendants found nothing on him, they searched the hallway inside the building and found a gun hidden in a black bag.

20. Despite Plaintiff telling them that he did not live at the residence and had never seen the weapon before in his life, the Defendants caused criminal charges to be initiated against him for possession of the weapon and trespassing.

21. In so doing, the Defendants authored false and incomplete reports to justify their malicious prosecution of Mr. Collins.

22. As a result of Plaintiff's arrest on these false and baseless charges, he lost his job and spent 20 months in custody while awaiting trial.

23. At trial, all the charges against Plaintiff were directed out. Accordingly, they were disposed of in a manner indicative of Mr. Collins' innocence.

24. As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of his constitutional rights and dignity, interference with a normal life, lost time, lost wages, and attorneys' fees.

### COUNT I: 42 U.S.C. § 1983 – Illegal Search and Seizure
*Against Defendants Officers and Defendant Guard*

25. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

26. The search and seizure of Plaintiff's person performed willfully and wantonly by Defendant Guard and Defendant Officers, as detailed above, were in violation of Plaintiff's right to be free from unreasonable searches under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

27. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff to suffer, without limitation, pain, suffering, humiliation, emotional distress, mental anguish, exposed him to public scandal and disgrace, and caused financial loss.

WHEREFORE the Plaintiff, GINO COLLINS, purusant to 42 U.S.C. §1983, demands judgment against Defendant Guard and Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 – False Arrest
*Against Defendant Guard and Defendant Officers*

28. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

29. The actions of Defendant Guard and Officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

30. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, GINO COLLINS, purusant to 42 U.S.C. §1983, demand judgment against Defendant Guard and Defendant Officers for compensatory damages, punitive

damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 745 ILCS 10/9-102 – Indemnification
*Against Defendant City of Chicago*

31. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

32. Defendant City of Chicago is the employer of the Defendant Officers.

33. Defendant Officers committed the acts alleged above under color of law and in the scope of her employment as an employee of the City of Chicago.

WHEREFORE the Plaintiff, GINO COLLINS, demands that should Defendant Officers be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant, CITY OF CHICAGO, be found liable for any judgment Plaintiff obtain, as well as attorney's fees and costs awarded.

### COUNT IV: Malicious Prosecution (State Law Claim)
*Against All Defendants*

34. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

35. By the actions detailed above, Defendant Guard and Defendant Officers knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

36. Defendant City and Defendant Company are sued in this Count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers and Defendant Guard performed the actions complained of while on duty and/or in the employ of Defendant City and Defendant Company, respectively, and while acting within the scope of this employment.

37. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE the Plaintiff, GINO COLLINS, demand judgment against All Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT V: 42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights
*Against Defendant Guard and Defendant Officers*

38. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

39. As described more fully above, Defendant Guard and Defendant Officers reached an agreement amongst themselves to deprive Mr. Collins of his Constitutional rights, all as described more fully throughout this Complaint.

40. In this manner, Defendant Guard and Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

41. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

42. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered damages, humiliation and ridicule, and a deprivation of his liberty, as is more fully alleged above.

43. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff and others.

44. As a proximate result of the above-detailed actions of the Defendants, Plaintiff was injured, including the deprivation of his liberty and taking of his person. In addition, the

violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

WHEREFORE the Plaintiff, GINO COLLINS, purusant to 42 U.S.C. §1983, demands judgment against Defendant Guard and Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

GINO COLLINS

By: s/ Jeanette Samuels
One of Plaintiff's Attorneys

SAMUELS & ASSOCIATES, LTD.
3440 S. Cottage Grove, #504
Chicago, IL 60616
T: 872-588-8726
F: 872-444-3011
E: sam@jsamlaw.com