IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GINO COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17 cv 8739 |
| | ) |
| CITY OF CHICAGO, CHICAGO POLICE | ) |
| OFFICER DENNIS O'BRIEN, Star #53254, | ) |
| BRYANT MCDERMOTT, Star #12659, and | ) |
| ROBERT BROWN JR, Star #4192, RUSSELL | ) |
| HARRIS, and KATES DETECTIVE & | ) |
| SECURITY SERVICES AGENCY AND | ) |
| SPECIAL EVENTS SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT CITY OF CHICAGO AND INDIVIDUAL DEFENDANT POLICE OFFICERS O'BRIEN, MCDERMOTT, AND BROWN JR.'S  ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendant City of Chicago (hereafter "Defendant City") and Chicago Police Officers Dennis O'Brien, Star #53254, Bryant McDermott, Star #12659, Robert Brown Jr., Star #4192 (hereafter "Defendant Officers") (collectively referred to as "Defendants"), by and through one of their attorneys, Jason F. Cunningham, Assistant Corporation Counsel, for their Answer to Plaintiff's Complaint, Affirmative Defenses, and Jury Demand state as follows:

**INTRODUCTION**

This is a civil action seeking damages against the defendants for committing acts under color of law, and depriving Plaintiff of his rights secured by the Constitution and laws of the United States.

**ANSWER:   Defendants admit that Plaintiff brings a civil action against the defendants complaining that they have committed acts under color of law, and deprived Plaintiff of his**

**rights secured by the Constitution and laws of the United States, but deny engaging in the wrongdoing or misconduct alleged herein.**

## JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER: Defendants admit that Plaintiff brings the action pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution but deny that they engaged in the wrongdoing or misconduct alleged herein.**

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

**ANSWER**: **Defendants admit that jurisdiction is proper.**

## PARTIES

3. PLAINTIFF GINO COLLINS is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

**ANSWER:    On information and belief, Defendants admit that Plaintiff was a resident of Cook County, Illinois on or about December 6, 2015. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's citizenship and Plaintiff's current residence.**

4. DEFENDANT OFFICERS DENNIS O'BRIEN, Star #53254, BRYANT MCDERMOTT, Star #12659, and ROBERT BROWN JR, Star #4192 ("Defendant Officers") were, at the time of this occurrence, duly licensed Chicago Police Officers. They were willful participants in joint activity with Defendant Guard. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

**ANSWER**:    **Defendants admit the Chicago Police Department was the employer of the Defendant Officers on or about December 6, 2015 and that they are sued in their individual capacities. Defendant Officers deny engaging in the wrongdoing or misconduct complained of and therefore deny the remaining allegations in this paragraph.**

5. DEFENDANT CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officer.

**ANSWER**: **Defendants admit that the City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois and was the employer of the Defendant Officers on or about December 6, 2015.**

6.      DEFENDANT RUSSELL HARRIS ("Defendant Guard") was, at all times relevant, an authorized agent and security guard for Defendant Kates' Detective & Security Services Agency And Special Events Services, Inc. He was a willful participant in joint activity with Defendant Officers. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is sued in his individual capacity.

**ANSWER:     The allegation in this paragraph does not pertain to and are not directed at Defendants. Accordingly, Defendants do not answer this allegation.**

7.      DEFENDANT KATES' DETECTIVE & SECURITY SERVICES AGENCY AND SPECIAL EVENTS SERVICES, INC. is a duly licensed corporation incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Guard.

**ANSWER:     The allegation in this paragraph does not pertain to and are not directed at Defendants. Accordingly, Defendants do not answer this allegation.**

## FACTS

8.      On or around December 7, 2015, Plaintiff Gino Collins went to 8722 South Burley Avenue, Chicago, Illinois to pick up his girlfriend at or around 9:25pm.

**ANSWER**: **Defendants lack sufficient knowledge or information sufficient form a belief as to the truth or falsity of the allegations in this paragraph.**

9.      At all times relevant, and as reflected on his arrest report, Mr. Collins did not live or reside at 8722 South Burley Avenue, Chicago, Illinois.

**ANSWER**: **Upon information and belief, Defendants admit the allegations in this paragraph.**

10.     The building where Mr. Collins' girlfriend lived kept its doors locked. Accordingly, visitors had to be let in by someone who lived at the residence.

**ANSWER**: **Defendants lack sufficient knowledge or information sufficient form a belief as to the truth or falsity of the allegations in this paragraph.**

11.     As was customary for Mr. Collins, he knocked on her window to let her know that he had arrived and waited for her to buzz him into the building.

**ANSWER**: **Defendants lack sufficient knowledge or information sufficient form a belief as to the truth or falsity of the allegations in this paragraph.**

12. Unbeknownst to Mr. Collins, someone complained about his knocking. When Defendant Guard received the complaint, he requested Defendant Officers to accompany him to investigate the complaint.

**ANSWER**: **Defendants admit Defendant Harris requested Defendant Officers to accompany him to 8722 South Burley Avenue, Chicago, Illinois. Defendants lack sufficient knowledge or information sufficient form a belief as to the truth or falsity of the remaining allegations in this paragraph.**

13. Defendant Officers agreed and left together with Defendant Guard.

**ANSWER**: **Defendants admit that they followed Defendant Harris' vehicle to 8722 South Burley Avenue, Chicago, Illinois, but deny that they engaged in any wrongdoing or misconduct and therefore deny the remaining allegations in this paragraph.**

14. In so doing, Defendant Guard and Defendant Officers were willful participants in joint activity.

**ANSWER**: **The allegations in the paragraph represent a legal conclusion and therefore the Defendants deny the allegations contained in this paragraph.**

15. While Plaintiff waited, Defendant Officers and Defendant Guard approached in two cars, jumping the curb to drive onto the grass.

**ANSWER**: **Defendants admit that they arrived at 8722 South Burley Avenue, Chicago, Illinois in a separate vehicle than Defendant Harris and that their vehicle did go over the curb and onto some grass. Defendants lack sufficient knowledge or information sufficient form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.**

16. The door then buzzed, so Mr. Collins entered the building.

**ANSWER**: **Defendants lack sufficient knowledge or information sufficient form a belief as to the truth or falsity of the allegations in this paragraph. Answering further, Defendants deny that Plaintiff accurately set forth the events which transpired on the date of the incident and further deny the wrongdoing alleged herein and therefore deny the remaining allegations contained in this paragraph.**

17. Mr. Collins had taken approximately two steps into the building when he was stopped by Defendant Officers and Defendant Guard.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

18. Guard and Defendant Officers stopped and frisked Mr. Collins.

**ANSWER**:     **Defendants deny the allegations contained in this paragraph.**

19.     Although the Defendants found nothing on him, they searched the hallway inside the building and found a gun hidden in a black bag.

**ANSWER**:     **Defendants deny the allegations contained in this paragraph.**

20.     Despite Plaintiff telling them that he did not live at the residence and had never seen the weapon before in his life, the Defendants caused criminal charges to be initiated against him for possession of the weapon and trespassing.

**ANSWER**:     **Defendants admit that Plaintiff did not reside at 8722 South Burley Avenue, Chicago, Illinois and admit that Plaintiff was charged with UUW-Weapon-Felon, Possess/Use firearm in violation of 720 ILCS 5.0/24-1.1-A and Criminal Trespass to Land in violation of 720 ILCS 5.0/21-3/21-3-A-2. Defendants further admit that Plaintiff denied placing the firearm under a radiator at 8722 South Burley Avenue, Chicago, Illinois. Defendants deny the remaining allegations in the paragraph.**

21.     In so doing, the Defendants authored false and incomplete reports to justify their malicious prosecution of Mr. Collins.

**ANSWER**:     **Defendants deny the allegations contained in this paragraph.**

22.     As a result of Plaintiff's arrest on these false and baseless charges, he lost his job and spent 20 months in custody while awaiting trial.

**ANSWER**:     **Defendants deny engaging in any wrongdoing or misconduct and therefore deny the allegations of wrongdoing or misconduct in this paragraph. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.**

23.     At trial, all the charges against Plaintiff were directed out. Accordingly, they were disposed of in a manner indicative of Mr. Collins' innocence.

**ANSWER**:     **Upon information and belief, Defendants admit that there was a finding of not guilty in** *People v. Gino Collins***, Case No. 15CR2086201. Defendants lack sufficient knowledge or information sufficient form a belief as to the truth or falsity of the remaining allegations in this paragraph.**

24.     As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including humiliation, embarrassment, fear, emotional trauma, mental

anguish, the deprivation of his constitutional rights and dignity, interference with a normal life, lost time, lost wages, and attorneys' fees.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants respectfully request judgment in their favor and against Plaintiff on this count, attorney's fees, costs, and any other such relief the Court deems just and appropriate.

### COUNT I: 42 U.S.C. § 1983 – Illegal Search and Seizure
### Against Defendants Officers and Defendant Guard

25. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

**ANSWER**: Defendants hereby incorporate their answers to all previous paragraphs in this Complaint for their answer to this paragraph as if fully set forth herein.

26. The search and seizure of Plaintiff's person performed willfully and wantonly by Defendant Guard and Defendant Officers, as detailed above, were in violation of Plaintiff's right to be free from unreasonable searches under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

**ANSWER**: Defendants deny the allegations in this paragraph.

27. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff to suffer, without limitation, pain, suffering, humiliation, emotional distress, mental anguish, exposed him to public scandal and disgrace, and caused financial loss.

**ANSWER**: Defendants deny the allegations in this paragraph.

WHEREFORE, Defendants respectfully request judgment in their favor and against Plaintiff on this count, attorney's fees, costs, and any other such relief the Court deems just and appropriate.

### COUNT II: 42 U.S.C. § 1983 – False Arrest
### Against Defendant Guard and Defendant Officers

28. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER**: Defendants hereby incorporate their answers to all previous paragraphs in this Complaint for their answer to this paragraph as if fully set forth herein.

29. The actions of Defendant Guard and Officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

**ANSWER**: **Defendants deny the allegations in this paragraph.**

30. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

**ANSWER**: **Defendants deny the allegations in this paragraph.**

**WHEREFORE, Defendants respectfully request judgment in their favor and against Plaintiff on this count, attorney's fees, costs, and any other such relief the Court deems just and appropriate.**

### COUNT III: 745 ILCS 10/9-102 – Indemnification
### Against Defendant City of Chicago

31. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER**: **Defendants hereby incorporate their answers to all previous paragraphs in this Complaint for their answer to this paragraph as if fully set forth herein.**

32. Defendant City of Chicago is the employer of the Defendant Officers.

**ANSWER**: **Defendant City admits to the allegations in this paragraph.**

33. Defendant Officers committed the acts alleged above under color of law and in the scope of her employment as an employee of the City of Chicago.

**ANSWER**: **Defendants admit that at all times relevant Defendant Officers were employees of the City of Chicago and acting within the scope of their employment. Answering further, Defendants deny that Plaintiff accurately set forth the events which transpired on the date of the incident and further deny any wrongdoing alleged herein and therefore deny the remaining allegations contained in this paragraph.**

**WHEREFORE, Defendants respectfully request judgment in their favor and against Plaintiff on this count, attorney's fees, costs, and any other such relief the Court deems just and appropriate.**

### COUNT IV: Malicious Prosecution (State Law Claim)
### Against All Defendants

34. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER**: **Defendants hereby incorporate their answers to all previous paragraphs in this Complaint for their answer to this paragraph as if fully set forth herein.**

35. By the actions detailed above, Defendant Guard and Defendant Officers knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

**ANSWER**: **Defendants deny the allegations in this paragraph.**

36. Defendant City and Defendant Company are sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant Officers and Defendant Guard performed the actions complained of while on duty and/or in the employ of Defendant City and Defendant Company, respectively, and while acting within the scope of this employment.

**ANSWER**: **Defendants admit that at all times relevant Defendant Officers were employees of the City of Chicago and acting within the scope of their employment. Answering further, Defendants deny that Plaintiff accurately set forth the events which transpired on the date of the incident and further deny any wrongdoing alleged herein and therefore deny the remaining allegations contained in this paragraph.**

37. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

**ANSWER**: **Defendants deny the allegations in this paragraph.**

**WHEREFORE, Defendants respectfully request judgment in their favor and against Plaintiff on this count, attorney's fees, costs, and any other such relief the Court deems just and appropriate.**

### COUNT V: 42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights
### Against Defendant Guard and Defendant Officers

38. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER**: **Defendants hereby incorporate their answers to all previous paragraphs in this Complaint for their answer to this paragraph as if fully set forth herein.**

39. As described more fully above, Defendant Guard and Defendant Officers reached an agreement amongst themselves to deprive Mr. Collins of his Constitutional rights, all as described more fully throughout this Complaint.

**ANSWER**: **Defendants deny the allegations in this paragraph.**

40. In this manner, Defendant Guard and Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

**ANSWER**: **Defendants deny the allegations in this paragraph.**

41. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

**ANSWER**: **Defendants deny the allegations in this paragraph.**

42. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered damages, humiliation and ridicule, and a deprivation of his liberty, as is more fully alleged above.

**ANSWER**: **Defendants deny the allegations in this paragraph.**

43. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff and others.

**ANSWER**: **Defendants deny the allegations in this paragraph.**

44. As a proximate result of the above-detailed actions of the Defendants, Plaintiff was injured, including the deprivation of his liberty and taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

**ANSWER**: **Defendants deny the allegations in this paragraph.**


**WHEREFORE, Defendants respectfully request judgment in their favor and against Plaintiff on this count, attorney's fees, costs, and any other such relief the Court deems just and appropriate.**

**AFFIRMATIVE DEFENSES**

1.	Defendant City of Chicago is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109.

2.	Under the Illinois Tort Immunity Act, Defendant City of Chicago is barred from paying any portion of a judgment representing an award of punitive or exemplary damages against any of its employees. 745 ILCS 10/2-102.

3.	Defendant Officers are entitled to qualified immunity. The individual Defendant Officers are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted said Defendants could have believed their actions to be lawful, in light of clearly established law and the information that said Defendants possessed.

4.	Under the Illinois Tort Immunity Act, the individual Defendant Officers are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202; *see also Payne v. City of Chicago*, 16 N.E.3d 110, 118-119 (Ill.Dec. 14).

5.	Under the Illinois Tort Immunity Act, the individual Defendant Officers are not liable for any of the claims alleged because a public employee, as such and acting within the scope of his or her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

6.	Under the Illinois Tort Immunity Act, the individual Defendant Officers are not liable for any injury allegedly caused by instituting or prosecuting any judicial or administrative

proceeding within the scope of his employment, unless he acted maliciously and without probable cause. 745 ILCS 10/2-208.

7. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in the case.

8. The City of Chicago is immune from the imposition of punitive damages under both state and federal law. Moreover, under Illinois law, the City cannot be required to indemnify an employee for punitive damages, nor may it pay a judgment for punitive damages. 745 ILCS 10/2-102; *City of Newport v. Facts Concerts*, 453 U.S. 247, 271 (1981

9. The individual Defendant Officers are absolutely immune from civil liability for their testimony given in judicial proceedings in Plaintiff's underlying criminal case. *Briscoe v. LaHue*, 460 U.S. 325, 330-31, 103 S. Ct. 1108, 1113 (1983); *Jurgensen v. Haslinger*, 295 Ill. App. 3d 139, 141-42, 692 N.E.2d 347, 349-50 (3d Dist. 1998).

10. The individual Defendant Officers cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claim unless each individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

11. To the extent any damages claimed by Plaintiff were proximately caused, in whole or in part, by Plaintiff's actions, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by a jury in this matter.

12. The City of Chicago is not liable for Plaintiffs' attorneys' fees as "the law in Illinois clearly is that absent a statute or contractual agreement attorney fees and the ordinary expenses and

burdens of litigation are not allowable to the successful party." See <u>Kerns v. Engelke</u>, 76 Ill.2d 154, 166 (1979) (internal citations omitted).

## JURY DEMAND

Defendants respectfully request a trial by jury for all issues so triable.

January 29, 2018

Respectfully submitted,

　_/s/ Jason F. Cunningham_____
Jason F. Cunningham
Assistant Corporation Counsel

Jason F. Cunningham
Dana O'Malley
Laniya Moore
Department of Law, City of Chicago
Federal Civil Rights Section
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744 – 9171
Attorney No. 6321927

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GINO COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17 cv 8739 |
| ) | |
| CITY OF CHICAGO, CHICAGO POLICE ) | |
| OFFICER DENNIS O'BRIEN, Star #53254, ) | |
| BRYANT MCDERMOTT, Star #12659, and ) | |
| ROBERT BROWN JR, Star #4192, RUSSELL ) | |
| HARRIS, and KATES DETECTIVE & ) | |
| SECURITY SERVICES AGENCY AND ) | |
| SPECIAL EVENTS SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

Jeanette Samuels
Samuels & Associates, Ltd.
3440 S. Cottage Grove, #504
Chicago, IL 60616

    **PLEASE TAKE NOTICE** that on this 29th day of January 2018, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT CITY OF CHICAGO AND INDIVIDUAL DEFENDANT POLICE OFFICERS O'BRIEN, MCDERMOTT, AND BROWN JR.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**, a copy of which is herewith served upon you.

    I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 29th day of January 2018.

                                                                                                                                  /s/ Jason F.Cunningham
                                                                                        Jason F. Cunningham
                                                                Assistant Corporation Counsel